J-A32013-14
J-A32014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| OLIVER NELSON | |
| Appellee | No. 3189 EDA 2013 |

Appeal from the Order October 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000541-2013

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| HAYWOOD DYSON | |
| Appellee | No. 3229 EDA 2013 |

Appeal from the Order October 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000540-2013

BEFORE: PANELLA, J., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J. **FILED MARCH 24, 2015**

Appellant, the Commonwealth of Pennsylvania, appeals from the order

granting suppression of evidence to co-defendants and Appellees,[1] Oliver

---

[*] Former Justice specially assigned to the Superior Court.

Nelson and Haywood Dyson. After careful review, we reverse and remand for further proceedings.

Due to the unusual procedural context of this appeal, the following factual background consists entirely of the allegations contained in the affidavit of probable cause for search and seizure warrant "#169788." Early in the morning of December 8, 2012, Officer Raudenbush of the Philadelphia Police Department observed a white pick-up truck with an extension and black rims pull into an A-Plus gas station. He watched as the driver, a black male, left his vehicle and walked to the store and then stopped, returned to behind his vehicle, then walked back the store. While in the store, the driver purchased two soft pretzels and then left.

Officer Raudenbush left the scene in response to another call, but returned a short while later to review the security footage of the incident. In the video, he observed the suspect remove an object from the waist of his pants while walking to the store. The suspect then stopped, walked back behind his vehicle, and returned the object to the waist of his pants. He also observed the presence of a possible lookout in the parking lot of the station while the suspect was in the store. After reviewing the video, Officer Raudenbush informed dispatch that an approximately 6'3", 250 pound bald

_(Footnote Continued)_ _____

[1] As these appeals are from the same order, involve the same issue, and have substantially identical procedural histories, we have consolidated them _sua sponte_.

black male wearing a grey "Sean John" sweat shirt, driving a white pick-up truck, was possibly armed with a handgun.

Shortly thereafter, a nearby Sunoco gas station was nearly robbed. A review of the security video from the station revealed that a tall, bald black male wearing a grey "Sean John" jacket brandishing what appeared to be a handgun while walking into the gas station. Upon observing the presence of a marked police vehicle at the station, the suspect placed the gun back in his pants and re-entered his vehicle, a white Ford F150 with an extended cab and black rims.

Late in the evening of December 8, 2012, Officer Anthony Washington viewed the surveillance video from the attempted robbery of the Sunoco station. Shortly after viewing the video, Officer Washington observed a white Ford F150 with an extended cab and black rims not far from the Sunoco station. Officer Washington and his partner activated their marked vehicle's lights and siren to pull over the pick-up truck. The driver did not pull over, and instead accelerated away, ignoring all traffic control signals.

Eventually, police were able to stop the truck, but the driver, Dyson, fled on foot. He was ultimately apprehended shortly thereafter. The front-seat passenger, Nelson, was found to possess 97 pills containing oxycodone, a controlled substance. Further narcotics and drug paraphernalia were found inside the pick-up truck.

Both Dyson and Nelson were charged with possession of controlled substances with intent to deliver, fleeing or eluding an officer, and possession of controlled substances. Dyson filed a motion to compel production of the video surveillance tapes, and on July 29, 2013, the suppression court ordered the Commonwealth to produce the tape. However, the police did not possess a copy of the tape, and the Commonwealth had nothing to produce.

Both Dyson and Nelson moved to dismiss the charges against them on the basis of an alleged discovery violation. The suppression court indicated that suppression, rather than dismissal, might be the appropriate motion for the defendants to file, and requested that they file a written suppression motion before the next hearing. No such suppression motion was filed.

At the next hearing, the Commonwealth appeared, prepared to litigate the motion to dismiss. However, the suppression court focused on the suppression issue, and when the Commonwealth did not have the appropriate witnesses available to litigate the suppression order, the court ordered that evidence be suppressed.[2] The Commonwealth then filed this timely appeal.[3]

---

[2] It is not entirely clear from the record what evidence was suppressed. As the suppression court concluded that the officers did not have probable cause to pull over the white pick-up truck, we presume that the suppression court intended to suppress all physical evidence found on the defendants as well as in the vehicle.
*(Footnote Continued Next Page)*

On appeal, the Commonwealth argues that the suppression court erred in granting suppression of the evidence. This argument takes several forms, but we need only address the first. The Commonwealth contends that it had no burden of proof on suppression issues, as the defendants did not comply with the specificity requirements of Pa.R.Crim.P., Rule 581(D).

"Rule 581(D) requires that a motion seeking suppression state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof." **Commonwealth v. Dixon**, 997 A.2d 368, 374 (Pa. Super. 2010) (*en banc*) (internal quotation marks omitted). The Commonwealth's burden to establish that the evidence was not obtained in violation of the defendant's rights is not triggered unless the defendant's motion to suppress complies with the requirements of Rule 581(D). **See id**., at 376. "In the extreme case, a complete failure to comply with the specificity requirements of Rule 581(D) will result in waiver, as those requirements have been held to be mandatory." **Id**. (citations omitted).

*(Footnote Continued)* ————————————

[3] A Commonwealth appeal in a criminal case is governed by Pennsylvania Rule of Appellate Procedure 311, which permits the Commonwealth to take an interlocutory appeal as of right from a pretrial suppression order when the Commonwealth certifies that the order will "terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d); **Commonwealth v. Dugger**, 506 Pa. 537, 486 A.2d 382 (1985). The Commonwealth has complied with these requirements in both appeals.

Here, the suppression court directed defense counsel to file a suppression motion to "put the DA on notice." N.T., 10/11/13, at 10-11. There is no indication in the record that any defense counsel filed such a motion. Furthermore, the Commonwealth, in its appellate brief, asserts that no motion was filed. **See** Appellant's Brief re: Nelson, at 21.

At the next hearing, the suppression court granted suppression of the items, as it concluded that the Commonwealth had sufficient notice of its intent to litigate the suppression issue. We disagree. In the absence of any motion, written or oral, defining the issues to be litigated, we cannot conclude that the defendants even partially complied with Rule 581(D). The suppression court's statements at the October 11, 2013 hearing only indicated that suppression would be at issue, and that defense counsel were to identify the precise contours of the issue. This was simply not enough to trigger the burdens imposed upon the Commonwealth under Rule 581(H). Thus, both Dyson and Nelson have waived any suppression issue and the suppression court erred in granting suppression of evidence. We therefore reverse the suppression court's order and remand for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

J-A32013-14
J-A32014-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/24/2015

- 7 -